# THE INTER OCEAN OIL COMPANY, Complainant,

*v.*

# THE SUGAR PRODUCTS COMPANY, Dft.

### and

# THE AMERICAN RAILROAD COMPANY OF PORTO RICO, Claimant.

---

San Juan, Equity, No. 1112.

### RECEIVERSHIP.

Ancillary Receiver—Appointed in Porto Rico.
1. Where equity proceedings originate in a Federal court in New York and the defendant possesses certain assets in Porto Rico, this court has power to appoint an ancillary receiver.

Ancillary Receiver—Local Claim Not Paid Here.
2. The existence of a claim against the defendant in such equity proceeding held by a business concern in Porto Rico is not sufficient to justify the payment of such claim by this court.

XII. Porto Rico.—34.

Inter Ocean Oil Co. v. Sugar Products Co.

Ancillary Receiver—Local Assets and Claims Sent to Main Court.

3. The proper practice is for the assets realized in Porto Rico to be transmitted to the original receiver in New York and for the Porto Rican creditor to file his claim with the Federal court in New York.

Opinion filed December 21, 1922.

---

Mr. *O. B. Frazer* for the complainant and for the receiver.

Mr. *Frank H. Dexter* for the American Railroad Co. of Porto Rico, claimant.

ODLIN, Judge, delivered the following opinion:

The litigation between the Inter Ocean Oil Company and the Sugar Products Company originated in the United States district court of the southern district of New York. It appearing that the defendant had certain assets in the Island of Porto Rico, application was made to this court for the appointment of an ancillary receiver, which application was granted by this court, and thereafter, to wit: On the 11th day of December, 1922, the said ancillary receiver filed his petition under oath, setting forth a previous order by this court that he had been directed to deposit with the clerk of this court the sum of $25,000 before executing any instrument of sale covering the properties in Porto Rico belonging to the defendant, the said Sugar Products Company, said properties having been sold by the said ancillary receiver to a corporation known as the Old Time Molasses Company, or such assignee of the latter as it might designate. Said petition goes on to recite that there are

Inter Ocean Oil Co. v. Sugar Products Co.

no local creditors in Porto Rico except a mortgage for $20,000, which mortgage is to remain a lien upon the said property after the said sale shall be completed; but with the possible exception of a claim filed by the American Railroad Company of Porto Rico alleged to be a lien on certain molasses owned by the said Sugar Products Company at the time of the appointment of the said ancillary receiver. It further appears that in accordance with an order previously entered by this court there has been deposited in the registry of this court the sum of $660 to provide for the payment of such claim on behalf of the American Railroad Company of Porto Rico, if this court shall hold that the latter is entitled thereto. The prayer of the petition is that this sum of $660 should be transferred to the account of the receiver appointed by the United States district court for the southern district of New York, who happens to be the same person named by this court as ancillary receiver.

There has been no appearance in this case whatever by the said defendant, the Sugar Products Company, although due service has been made, and the only issue to be determined by this court at this time is with regard to the said sum of $660, which counsel for the American Railroad Company claims should be ordered paid by this court to the last-named company and not transmitted to New York.

The court has examined the authorities cited by counsel for the claimant and all that they establish is that the local court possesses the right, but not necessarily the obligation, to retain local funds to pay the liens or claims of local creditors; in other words, that there is a discretion which may lawfully be exercised by this court to hold the said sum of $660 here and direct

that it be applied to the payment of the claim of the said American Railroad Company.

But when we come to examine the elaborate brief filed by counsel for the receiver, we find many decisions of important courts in accordance with the ruling made by United States Circuit Judge Simonton in the case of Central R. & Bkg. Co. v. Farmers' Loan & T. Co. decided in 1902, reported in 113 Fed. 405. Judge Simonton there says, at page 412: "The conclusion drawn from all the cases is that it is the duty of the ancillary receiver, after paying the expenses of his receivership, to account with and remit to the receivers in the original juris-· diction all funds and assets in his hands." This decision was affirmed by the circuit court of appeals for the fourth circuit, as reported in the 60 C. C. A. 400, 125 Fed. page 1001.

Similar rulings have been made by United States Judges in the eighth circuit and in the second circuit.

The decision reached by me in this matter is also based largely upon the language used by Mr. Justice Harlan, who delivered the important opinion of the Supreme Court of the United States in 1898 in the case of Blake v. McClung, reported in 172 U. S. 239, 43 L. ed. 432, 19 Sup. Ct. Rep. 165. There was an English corporation doing business in Tennessee and a receiver was appointed in Tennessee who took charge of the assets there of said corporation. Meantime the corporation went into liquidation in England. It seems that there was a statute which had been passed by the Tennessee legislature seeking to give priority to Tennessee creditors as against citizens of other States. The Supreme Court held that this Tennessee statute violated the Constitution of the United States. This same case in 1900 reached the Supreme Court of the

Inter Ocean Oil Co. v. Sugar Products Co.

United States for a second time. Once more the opinion was rendered by Mr. Justice Harlan, and is reported in 176 U. S. 59, 44 L. ed. 371, 20 Sup. Ct. Rep. 307.

Of course the exact point decided by the highest court of our nation in Blake v. McClung is not identical with the issue before me in the present case; but the philosophy and reasoning of Mr. Justice Harlan is extremely persuasive, and it seems to me that were I to hold this sum of $660 here in San Juan, it might be construed, not by the parties to this proceeding or their counsel, but by third parties who might read this decision, that this court was seeking to protect the American Railroad Company against a possible injustice which it might suffer on the part of the Federal court of New York city. Any thought of this kind I wish to avoid. I think this court should show the same spirit of comity toward the New York court as I would expect from the New York court if I were to name a receiver here and there should be an ancillary receiver appointed there.

Convinced as I am that the claim of the American Railroad Company will receive full consideration and protection by the Federal court in New York, the petition of the American Railroad Company is hereby denied, the ancillary receiver to transmit to himself as receiver in New York all funds in his hands in the registry of this court (less all necessary expenses).

To this ruling counsel for the American Railroad Co. excepts.